FILED
2022 Mar-17 PM 04:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RICKY HOWELL, HEATHER HOWELL and WENDY LEWIS, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO. _____ ) |
| OXFORD EMERGENCY MEDICAL SERVICES, INC., et al, | ) ) ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1446, Defendant Oxford Emergency Medical Services, Inc. ("Oxford EMS"), by and through its undersigned counsel, hereby gives notice of its removal of this action from the Circuit Court of Calhoun County, Alabama, where it is now pending, to the United States District Court for the Northern District of Alabama – Eastern Division. Oxford EMS states the following in support of this Notice of Removal:

I.   **The Factual Allegations in the Second Amended Complaint Relating to Plaintiffs' Retirement Accounts and Plaintiffs' Allegation of a Violation of ERISA Justify Removal.**

1.  On May 27, 2020, plaintiffs Ricky Howell, Heather Howell and Wendy Lewis filed a civil action in the Circuit Court of Calhoun County, Alabama, styled *Ricky Howell, Heather Howell and Wendy Lewis v. Oxford Emergency Medical*

{B4261641}

*Services, Inc. and City of Oxford, Alabama*, Civil Action No. 11-CV-2020-900287 (hereinafter referred to as the "State Court Action") (Doc. 2).

2. Plaintiffs raised only state law claims in the Verified Complaint. (Doc. 2).

3. Plaintiffs filed a First Amended Complaint on January 29, 2021 and asserted the same state law causes of action (Doc. 60).

4. On March 8, 2022, plaintiffs filed and served a Second Amended Complaint and, for the first time, asserted a violation of the Employee Retirement Income Security Act of 1974 ("ERISA") (Doc. 142, ¶ 18). Plaintiffs specifically state that "the Employee Retirement Income Security Act of 1974 (ERISA) is applicable and established a fiduciary duty on the part of Oxford Emergency Medical Services, Inc. with respect to retirement accounts.") (Doc. 142, ¶ 18).

5. In support of the claim, plaintiffs allege that they were owners of retirement accounts maintained by the Retirement Systems of Alabama and that defendants failed to properly fund the retirement accounts. (Doc. 142, ¶¶ 15-17, 26, 29-31, 34 and 76). Plaintiffs assert that the failure to fund the retirement accounts was a breach of contract and breach of fiduciary duty in violation of ERISA. (Doc. 142, ¶¶ 89 and 97-100).

6. Plaintiffs also allege that plaintiff Ricky Howell had a "retirement or deferred compensation plan" which defendants jointly mismanaged and that Defendants failed to properly fund their 401(k) plan(s).  (Doc. 142, ¶¶ 19 and 77).

7. These allegations all relate to benefits plaintiffs claim they were entitled to receive under an employee benefit plan as that term is defined under ERISA, plans which were offered and/or administered by one or both defendants.

A. **Removal is Proper Because This Court has Original Jurisdiction over Federal Questions.**

8. Plaintiffs undoubtedly set forth a federal question on the face of the Second Amended Complaint and set forth facts which show that their claims arise under Section 502(a)(1)(B) of ERISA. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

9. Removal is appropriate in "any civil action brought in a State Court of which the District Courts of the United States would have original jurisdiction." 28 U.S.C. §1441(a).  The District Courts of the United States have original jurisdiction over ERISA claims pursuant to 28 U.S.C. § 1001 *et. seq.* and § 1331.

10. As a result, plaintiff's claims are removable to federal court under the doctrine of complete preemption.  *See Aetna Health, Inc. v. Davila*, 542 U.S. 200,

208 (2004)("[W]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption," the state claim can be removed."). *See also Jones v. LMR Intern., Inc.*, 457 F.3d 1174, 1178 (11th Cir. 2006) ("As ERISA claims are completely preempted, state law claims that seek relief available under ERISA are recharacterized as ERISA claims and arise under federal law.") (internal citations omitted).

11. Additionally, Section 514(a) of ERISA, ERISA's expansive preemption clause, provides that ERISA "supersede[s] any and all State laws insofar as they . . . relate to any employee benefit plan." 29 U.S.C. § 1144(a). The United States Supreme Court has interpreted the scope of the preemption clause to extend to virtually all state law claims arising out of, or related to, participation in and administration of employee benefit plans. *See Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139 (1990) (discussing broad scope of ERISA's preemption clause).

12. This Court should exercise jurisdiction over the federal question presented in plaintiffs' Second Amended Complaint because this Court has expertise in resolving questions of federal law, because of the importance that federal questions under ERISA be decided uniformly within this district, because of the congressional finding that benefit plans are affected with a national public interest, as set forth in 29 U.S.C. § 1001(a), and because of the congressional policy of ready access to the federal courts, as set forth in 29 U.S.C. § 1001(b).

13. This Court possesses supplemental jurisdiction over all state law claims in the Second Amended Complaint pursuant to 28 U.S.C. § 1367(a), in that the state law claims are so related to the claims within this Court's original jurisdiction that they form part of the same case or controversy.

B. **The Procedural Requirements for Removal are Satisfied.**

14. Removal of this action to this Court is proper because the procedural requirements are satisfied. *See* 28 U.S.C. § 1441.

15. The United States District Court for the Northern District of Alabama embraces the locality in which the State Court action is currently pending, making this Court a proper forum pursuant to 28 U.S.C. §1441(a).

16. Pursuant to 28 U.S.C. §1446(a), true and correct copies of all summons, process, pleadings and orders filed in the State Court Action are attached hereto as Exhibit A.

17. Removal of this case is timely because this Notice of Removal is filed within thirty (30) days after service of the Second Amended Complaint upon Oxford EMS. *See* 28 U.S.C. §1446(b)(2)(B). *See also Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1205 (11th Cir. 2008) (a defendant has 30 days from the date of service in which to seek removal). Plaintiffs filed the Second Amended Complaint in the Circuit Court of Calhoun County, Alabama on March 8, 2022, and served Oxford EMS that same day.

18. Pursuant to 28 U.S.C. §1446(d), defendant Oxford EMS is filing a copy of this Notice on behalf of all defendants with the Alabama State Court's electronic filing system which will provide a copy of this filing to the clerk of the Circuit Court of Calhoun County, Alabama.

19. All defendants consent to and join in removal of this case to Federal Court. 28 U.S.C. §1446(a)(2)(A).

20. No previous application has been made for the relief requested herein.

### **Conclusion**

This Notice of Removal has been timely filed within thirty (30) days after receipt by Oxford EMS of the Second Amended Complaint, which alleges a violation of federal law. Oxford EMS submits that all requirements for removal are met and requests that the Court exercise its rightful and proper jurisdiction over this case.

Oxford EMS requests the opportunity to brief, argue, and present evidence before the Court on any issue or question concerning the removal of this case in the event remand is sought by plaintiffs or otherwise visited by the Court.

Respectfully Submitted,

*s/Alicia M. Harrison*
Arnold W. Umbach III (ASB-1932-M66A)
Alicia M. Harrison (ASB-9024-D53A)
STARNES DAVIS FLORIE LLP
100 Brookwood Place, Seventh Floor

                                          Birmingham, AL  35209
                                          (205) 868-6000
                                          tumbach@starneslaw.com
                                          aharrison@starneslaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 17, 2022, I served a copy of the Notice of Removal upon all counsel via electronic mail and electronically filed the foregoing with the Clerk of the Court, which will send electronic notification to:

Lewis C. Godwin
SHABANI & ASSOCIATES, P.C.
5500 Southlake Park, Suite 200
Birmingham, AL  35244
godwin.shabanilaw@gmail.com

James D. Butler
LAW OFFICE OF JAMES BUTLER
4985 McAdory School Road
McCalla, AL  35011-3440
Jamesbutlerlaw47@gmail.com

C. David Stubbs
STUBBS, SILLS & FRYE, P.C.
1724 South Quintard Avenue
P. O. Box 2023
Anniston, AL  36202
David-ssf@cableone.net

Harry P. Long
THE LAW OFFICES OF HARRY P. LONG
P. O. Box 1468
Anniston, AL  36202
hlonglegal8@gmail.com

                                          *s/Alicia M. Harrison*
                                          Alicia M. Harrison