# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ALABAMA

### EASTERN DIVISION

| | |
|---|---|
| **RICKY HOWELL, HEATHER HOWELL and WENDY LEWIS,** | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CASE NO.:1:22-cv-00354-CLM ) |
| **OXFORD EMERGENCY MEDICAL SERVICES INC., et al.,** | ) ) ) ) |
| Defendants. | ) |

### AMENDED COMPLAINT

### (THIRD AMENDED COMPLAINT)

Come now the Plaintiffs Ricky Howell, Heather Howell, and Wendy Lewis by and through undersigned counsel and files this Third Amended Complaint pursuant to the Court's Order of March 17, 2022.

### PARTIES, JURISDICTION AND VENUE

1.      Ricky Howell is an adult resident of Talladega County, Alabama who is over the age of (19) nineteen.

2.      Heather Howell is an adult resident of Talladega County, Alabama who is over the age of (19) nineteen.

3.      Wendy Lewis is an adult resident of Calhoun County, Alabama who is over the age of (19) nineteen.

4.      Oxford Emergency Medical Services, Inc. is a domestic non-profit corporation organized

under provisions of the statutes codified as Chapter 87, Title 11-87-1 et seq., Code of Alabama, 1975. That the City of Oxford, Alabama was the authorizing municipality, and the City Council of Oxford, Alabama adopted the authorizing resolution on July 14, 2009. the in 2009 through the Alabama State Legislature and Representative, Steve Hurst, State District 35, who shepherded the legislation changing Oxford from a 401 ( c ) (3) corporation to a 11-87-1 public corporation or authority.

5. On or around July 29, 2009, the Oxford Emergency Medical Services, Inc. director, assistant director and office manager signed the Certificate of Incorporation for Oxford Emergency Medical Services, Inc., a 11-87-1 public corporation or authority.

6. City of Oxford, Alabama is a municipal corporation organized under the laws of the State of Alabama.

7. Pursuant to Alabama Code 11-27-45 Notices of Claims were served by Plaintiffs upon the City of Oxford, Alabama on or around March 25, 2020.

## COUNT I

## BREACH OF CONTRACT

## BY DEFENDANT OXFORD EMERGENCY MEDICAL SERVICES INC.

8. Plaintiffs adopt and reallege the preceding paragraphs One (1) through Seven (7) as if fully set forth herein.

9. That Defendant Oxford Emergency Medical Services, Inc. withheld money from the Plaintiff's paychecks for federal and state income taxes and then failed to pay the withheld money to the Internal Revenue Service and the Alabama Department of Revenue.

10.     That with respect to federal law, the Defendant Oxford Emergency Medical Services, Inc. has and continues to act in violation of 26 U.S. Code § 6672 which provides:

> *"(a) General rule*
>
> *Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over…"*

11.     That with respect to state taxes withheld Alabama Code Title 40. Revenue and Taxation § 40-18-74 requires the employer to report and pay the withheld taxes to the Alabama Department of Revenue:

> *"Every employer required to deduct and withhold tax under Section 40-18-71 shall for each quarterly period, on or before the last day of the month following the close of each quarterly period, file a return and pay to the Department of Revenue the tax required to be withheld under Section 40-18-71 .  Where the aggregate amount required to be deducted and withheld by any employer for either the first or second month of a calendar quarter exceeds $1,000 the employer shall by the fifteenth day of the succeeding month file a return and pay the aggregate amount to the Department of Revenue.   The amount paid shall be allowed as a credit against the liability shown on the employer's quarterly*

>*withholding return required by this section.  Any employer required under this section to make monthly payments of the aggregate amount required to be deducted and withheld that does not file a return and pay the aggregate amount by the prescribed date shall be subject to the same penalties provided in Section 40-2A-11 .*

12. That prior to Plaintiff Heather Howell's termination on or around January 22, 2020, the Defendant Oxford Emergency Medical Services, Inc. failed to pay Alabama the employer portion of unemployment compensation taxes for Plaintiff Heather Howell.

13. That Defendant Oxford Emergency Medical Services, Inc. during the times Plaintiffs were employees did withhold funds from Plaintiffs' pay checks for AFLAC insurance, life insurance, and disability insurance but then failed to pay the appropriate entity its premiums payable for AFLAC insurance, life insurance and disability insurance.

14. That Defendant Oxford Emergency Medical Services, Inc. withheld Alabama State Retirement System premiums at Tier I rate but only paid on Tier 2 rates to Alabama State Retirement System for the Plaintiffs.

15. That Defendant Oxford Emergency Medical Services, Inc. failed to pay in 401(k) contributions withheld from Plaintiffs' pay checks.

16. That Defendant Oxford Emergency Medical Services, Inc. withheld Social Security insurance taxes from Plaintiffs' pay checks  beginning January 1, 2018, and up until their termination from Plaintiffs' pay checks but then failed to pay the money to Social Security Administration.

17. Plaintiff Ricky Howell can offer evidence from his personal social security statement obtained from Social Security Administration for 2018 Taxed Social Security Earnings evidencing

zero reporting of income for 2018 and zero withholding paid to social Security Administration for Plaintiff Ricky Howell for 2018 calendar year earnings.

18. That Plaintiff Ricky Howell worked for Defendant Oxford Emergency Medical Services, Inc. in 2018 as a full-time employee and received paychecks in 2018. He was subject to payroll withholding in 2018 for social security by Defendant Oxford Emergency Medical Services, Inc.

19. Plaintiffs Ricky Howell, Heather Howell and Wendy Lewis have unused and accumulated sick leave from the times of their employment with Defendant Oxford Emergency Medical Services, Inc. for which they have not been paid which should have been paid to them after their terminations in January of 2020.

20. That ERISA is not applicable to claims over accrued sick day benefits as Defendant Oxford Emergency Medical Services, Inc. had no special account in which sick days were held or accumulated; and that a hand-written ledger was maintained to record and track employees earned and used sick days until the company began using QuickBooks software.

21. That the Defendants in 2009 had a statute passed that changed Oxford Emergency Medical Services, Inc. to an 11-87-1 public corporation or authority.

22. That as a governmental agency or component of the City of Oxford, Alabama the ERISA statute is not applicable to the Defendant Oxford Emergency Medical Services, Inc.

23. Plaintiffs were provided a City of Oxford Employee handbook. The providing of employee handbooks to the Plaintiffs by the Defendant City of Oxford, Alabama. As such, Oxford Emergency Medical Services, Inc. was an agency or component of the City of Oxford, Alabama, a political subdivision of the State of Alabama and not subject to ERISA.

24. That the Defendant Oxford Emergency Medical Services, Inc. failure to pay the Plaintiffs Ricky Howell, Heather Howell and Wendy Lewis their accrued sick days upon termination was a

violation of or failure to follow policies and procedures set forth in the City of Oxford Employee Handbook set forth at page 18, paragraph E "*When an employee terminates his/ her employment in good standing, he/she shall be entitled to be paid for accumulated sick leave…*"

25. That the Plaintiffs have sustained monetary damages for the value of the money withheld by Defendant Oxford Emergency Medical Services, Inc. from the Plaintiff's paychecks that was then wrongfully retained by the Defendant Oxford Emergency Medical Services, Inc. and not paid out to the appropriate entities.

WHEREFORE, Plaintiffs demands judgment against the Defendant Oxford Emergency Medical Services, Inc. for actual and compensatory damages in an amount to be specifically determined by the trier of fact, plus interest and costs of this proceeding. Plaintiffs demand trial by struck jury.

## COUNT II

## CONVERSION AS TO DEFENDANT

## OXFORD EMERGENCY MEDICAL SERVICES, INC.

26. Plaintiffs Ricky Howell, Heather Howell and Wendy Lewis incorporate by reference all of the preceding allegations One (1) through Twenty-five (25) of Plaintiffs' claims as if more fully set out herein.

27. Commencing on or around January 1, 2018, and up until Plaintiffs were terminated in January of 2020, Defendants converted the employer withheld funds from Plaintiffs' paychecks and deprived Plaintiffs of their use, benefit, and value.

28. That Plaintiffs' claims for damages are not barred by immunity per Code of Alabama 11-47-90 which provides:

> *"No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation,* **unless** *(emphasis added) such injury or wrong was done or suffered through the neglect, carelessness, or unskillfulness of some agent, officer, or employee of the municipality engaged in work therefor and while acting in the line of his or her duty,…".*

29.    That Defendant Oxford Emergency Medical Services, Inc. by and through its agents and or employees acted with neglect, carelessness and unskillfulness and committed a series of errors, omissions and careless by acts or omissions by failing to pay the withheld funds to the appropriate entities.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs demand judgment against the Defendant Oxford Emergency Medical Services, Inc. for an amount to be determined by the fact finder actual and compensatory damages, punitive damages as a jury may assess, attorney fees due to Defendants' intentional and wanton acts; plus, interest and costs of court, as well as any further relief allowable under Alabama law or Federal law. Plaintiffs demand trial by struck jury.

<u>COUNT III</u>

<u>BREACH OF FIDUCIARY DUTYAS TO DEFENDANTS</u>

<u>OXFORD EMERGENCY MEDICAL SERVICES, INC. AND CITY OF OXFORD, ALABAMA</u>

28.    Plaintiffs Ricky Howell, Heather Howell and Wendy Lewis incorporate by reference all of the preceding allegations One (1) through Twenty-seven (27) as if more fully set out herein.

29.    Defendants Oxford Emergency Medical Services, Inc. and City of Oxford, Alabama stood in a fiduciary relationship with the Plaintiffs as an employer in possession and or control of money

withheld from the Plaintiffs' paychecks for taxes and various employee benefits. As such, Defendants Oxford Emergency Medical Services, Inc. and City of Oxford, Alabama had a duty to safeguard and appropriately disburse the funds withheld from Plaintiffs Ricky Howell, Heather Howell and Wendy Lewis' pay checks.

30. Defendants breached this duty by taking the Plaintiff employees Ricky Howell, Heather Howell and Wendy Lewis' money and then not paying it to the appropriate entities for insurance, health insurance, social security, retirement, and other benefits for the Plaintiffs Ricky Howell, Heather Howell, and Wendy Lewis.

31. As a direct and proximate cause of the Defendants Oxford Emergency Medical Services, Inc.'s errors and omissions, the Plaintiffs have sustained damages in the form of loss of funds, loss of benefits, loss of coverage, anxiety, and mental anguish.

32. That the amounts withheld are set forth with specificity on Plaintiffs' Employee Pay Stubs and show withholding the following: accident, Retirement Systems of Alabama, Blue Cross Blue Shield of Alabama, Federal Withholding, Social Security, Medicare, Alabama withholding, Insurance-Life, Disability, RSA-1, and dental.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Ricky Howell, Heather Howell, and Wendy Lewis demand judgment for an amount to be determined by the fact finder against Defendants Oxford Emergency Medical Services, Inc. and City of Oxford, Alabama for actual and compensatory damages, punitive damages as a jury may assess, plus interest and costs of court, as well as any further relief allowable under Alabama law or Federal law.

## COUNT IV

## LIBEL, SLANDER AND DEFAMATION

## BY DEFENDANT OXFORD EMERGENCY MEDICAL SERVICES INC.

30.     That Defendants Oxford Emergency Medical Services, Inc.'s agents or employees made false and defamatory statements about Plaintiff Heather Howell on or around February 12, 2020, when they told the Alabama Department of Labor that Heather Howell was terminated for misconduct which was false and done with an intent to harm or injure Plaintiff Heather Howell by preventing her from obtaining unemployment benefits.

31.     That the grounds for terminating the Plaintiffs were contrived, false, libelous, slanderous, and defamatory; and were done in a conspiracy among Defendants City of Oxford, Alabama; Oxford Emergency Medical Services, Inc.; and Fictitious Defendants A-D.

32.     That Tom Dixon in his capacity as Director of Oxford Emergency Medical Services, Inc. made a public statement on the television news media on April 5, 2020, that was defamatory to the Plaintiffs Ricky Howell, Heather Howell, and Wendy Lewis.

33.     Director Tom Dixon's defamatory statements were that "*Oxford EMS providing services outside the City of Oxford was not what Oxford EMS was created for*" implied negatively that the Plaintiffs had operated the business or conducted Oxford EMS business in an improper or unlawful manner.

34.     That Tom Dixon in his capacity as Director of Oxford Emergency Medical Services, Inc. gave an interview Anniston Star on June 4, 2020, and made a public statement defamatory to the Plaintiffs in which he stated "*Effectively, we have almost not only had to right a sinking ship that, from a financial standpoint, seemed to be sinking quickly, but also, to continue operating,*

*almost act as if we were starting an organization from the ground up.*"

35. Director Tom Dixon in his capacity as Director of Oxford Emergency Medical Services, Inc. was acting within his employment duties in his public statements of April 5, 2020, and June 4, 2020, making defamatory statements about the Plaintiffs.

36. The City of Oxford through its officers, agents and employees had directed the Plaintiff Ricky Howell to seek and conduct ambulance transport business outside the City of Oxford, Alabama; to seek and conduct non- emergency transport business, and to seek hospital to hospital ambulance transfer business outside the City of Oxford, Alabama. All these business development practices by Plaintiff Ricky Howell were done at the instruction or direction of the Mayor of Oxford, Alton Craft and Oxford EMS Board of Directors.

37. That certain friends and relatives have been provided free ambulance services at the direction of Defendants City of Oxford, Alabama and Oxford Emergency Medical Services, Inc., and the failure to bill or submit claims for those ambulance services for certain friends and relatives has been fraudulent, unlawful, and detrimental to the Plaintiffs and the Citizens of Calhoun County, Alabama.

38. That Defendant Defendants Oxford Emergency Medical Services, Inc.'s agents or employees defamatory statements were communicated to a third person.

39. That the matters published were false and made with malice.

40. That the publications were with reckless disregard of whether they were false or not.

41. That Tom Dixon in his capacity as Director of Oxford Emergency Medical Services, Inc.'s statements imputed a crime or affected the Plaintiffs in their trades, professions, or offices.

42. That Defendants statements were defamatory per se.

43. That Defendants statements were slanderous per se.

44. That the Plaintiffs have received loss to their reputations and characters proximately caused by the defamatory statements of the Defendant Oxford Emergency Medical Services, Inc.

WHEREFORE, Plaintiffs demands judgment against the Defendant Oxford Emergency Medical Services, Inc. for compensatory and punitive damages in an amount to be specifically determined by the trier of fact, plus interest and costs of this proceeding. Plaintiffs demand trial by struck jury.

COUNT V

PETITION FOR ACCOUNTING

AS TO OXFORD EMERGENCY MEDICAL SERVICES, INC.

45. Plaintiffs Ricky Howell, Heather Howell and Wendy Lewis incorporate by reference all of the preceding allegations )ne (1) through Forty-four (44) of Plaintiff Ricky Howell, Heather Howell, and Wendy Lewis' Amended Complaint as if more fully set out herein.

46. Plaintiffs Ricky Howell, Heather Howell and Wendy Lewis allege their property, namely portions of their paychecks for numerous benefits, insurance, and taxes; have been wrongfully withheld subsequent to and following their employment terminations on January 22, 2020, by Defendant Oxford Emergency Medical Services, Inc.

47. Plaintiff submits that this accounting is necessary and in the public interest and will assist City of Oxford, Alabama and Oxford Emergency Medical Services, Inc. in its responsibilities and fiduciary duties to Plaintiffs; as well as to the residents and taxpayers by enabling the informed assessment of the financial status of Oxford Emergency Medical Services Inc. with respect to money they withheld from the Plaintiffs' paychecks wrongfully retained, spent or absconded.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray this Honorable Court order the Defendant Oxford Emergency Medical Services, Inc. to provide an accounting to the Plaintiffs for any and all funds withheld prior to and subsequent to their terminations; and for withheld accrued benefits for sick and vacation time and for all remedies, penalties, fines, attorneys fees and costs of court, and as any further relief allowable under Alabama law or Federal law.

## COUNT VI

## VIOLATIONS OF ALABAMA OPEN MEETINGS ACT

## AS TO DEFENDANT OXFORD EMERGENCY MEDICAL SERVICES, INC.

48. Plaintiffs Ricky Howell, Heather Howell and Wendy Lewis incorporate by reference all of the preceding allegations One (1) through Forty-seven (47) of Plaintiff Ricky Howell, Heather Howell, and Wendy Lewis' Third Amended Complaint as if more fully set out herein.

49. That the Board of Directors of Oxford Emergency Medical Services, Inc. is subject to the Alabama Open Meetings Act as their Board of Directors is appointed by the City Council of Oxford, Alabama.

50. The Alabama Open Meetings Act applies to corporations or boards with a majority of members appointed by a state or its political subdivision.

51. Plaintiffs can offer testimony as to the identities of the past and present board members and that they were appointed by the City of Oxford.

52. The identity of the board members of Defendant is public record.

53. Plaintiffs have standing to make a claim under the Open Meetings Act because as a result of the unlawful meetings and unlawful decisions made by Oxford Emergency Medical Services

Inc.'s board of Directors resulted in harm to the Plaintiffs greater than the harm to the public at large. The harm was loss of money, loss of benefits, as well as loss or damage to character and reputation in the community.

54. That Defendant Oxford Emergency Medical Services, Inc. committed violations of the Alabama Open Meetings Act, Code of Alabama 1975, 36-25A-1 through 36-25A-11 as alleged in Plaintiffs' initial complaint.

55. Defendant Oxford Emergency Medical Services, Inc.'s Board of Directors in the past have posted notice of meetings seven (7) days in advance of said meetings. They have used the Alabama Secretary of State to post notices of meetings. They have in the past instructed Plaintiff Ricky Howell to post notices of meetings seven (7) days in advance of said meetings.

56. Defendant Oxford Emergency Medical Services, Inc. voted to terminate the Plaintiffs in the January 21, 2020, meeting that was not properly noticed pursuant to the Alabama Open Meetings Act.

57. Defendant Oxford Emergency Medical Services, Inc.'s Board of Director's failure to post notice of the meeting resulted in greater harm to Plaintiff Ricky Howell than to the public at large because he lost his job, his retirement, accrued vacation and sick days, and portions of his RSA retirement funds.

58. Plaintiffs Wendy Lewis and Heather Howell as a result of the January 21, 2020, meeting that was not properly noticed pursuant to the Alabama Open Meetings Act have been harmed to an extent greater than that of the public at large in that they have lost their jobs, suffered shame and embarrassment, as well as lost money in the form of unused vacation and sick time benefits.

59. That Defendant Oxford Emergency Medical Services, Inc. on or around January 21, 2020, failed to deliberate in open and failed to provide public notice of the meeting at a place and

time consistent with the Alabama Open Meetings Act.

WHEREFORE, Plaintiffs demands judgment against the Defendant Oxford Emergency Medical Services, Inc. invalidating decisions made to terminate the Plaintiffs at the unlawful meetings for penalties, fines, and attorney fees pursuant to the Alabama Open Meeting Act in an amount to be specifically determined by the trier of fact, plus interest and costs of this proceeding. Plaintiffs demand trial by struck jury.

## COUNT VII

### WANTONNESS AS TO DEFENDANT OXFORD EMERGENCY MEDICAL SERVICES, INC.

60. Plaintiffs Ricky Howell, Heather Howell and Wendy Lewis incorporate by reference all of the preceding allegations One (1) through Fifty-nine (59) of Plaintiff Ricky Howell, Heather Howell, and Wendy Lewis' Third Amended Complaint as if more fully set out herein.

61. Defendant Oxford Emergency Medical Services, Inc.'s acts were willful, wanton, and oppressive conduct.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demands judgment against the Defendant Oxford Emergency Medical Services, Inc. for compensatory and punitive damages in an amount to be specifically determined by the trier of fact, plus interest and costs of this proceeding. Plaintiffs demand trial by struck jury.

## COUNT VIII

## BREACH OF CONTRACT AS TO DEFENDANT CITY OF OXFORD, ALABAMA

62. Plaintiffs Ricky Howell, Heather Howell and Wendy Lewis incorporate by reference all of the preceding allegations One (1) through Sixty-One (61) of Plaintiff Ricky Howell, Heather Howell, and Wendy Lewis' Third Amended Complaint as if more fully set out herein.

63. At the time the alleged acts occurred an employment relationship existed between Plaintiffs and Defendants City of Oxford, Alabama and Oxford Emergency Medical Services, Inc. governed by an employee handbook setting for the duties and responsibilities of employer and employee. The handbook constituted an employment contract that the employees were asked to sign and acknowledge receipt of.

64. Defendants City of Oxford, Alabama is a political subdivision of the State of Alabama, and a municipal corporation.

65. The City of Oxford, Alabama by and through its officers, accountants, agents, and assigns had control over the payments of payroll and expenses for Defendant Oxford Emergency Medical Services, Inc., and authority over the disbursal of funds withheld.

66. Defendant City of Oxford, Alabama breached the employment contract when they failed to authorize or ensure their officers, accountants, agents and assigns paid Retirement Systems of Alabama the money withheld from Plaintiffs' pay checks.

67. Defendants City of Oxford, Alabama breached the contract when they failed to pay accrued sick days and unused vacation days which is in violation of the City of Oxford Employee Handbook.

68. Defendant City of Oxford, Alabama breached the employment contract when they failed to authorize or ensure their officers, accountants, agents, and assigns paid the Internal Revenue Service and the Alabama Department of Revenue taxes withheld from the Plaintiff's paychecks.

69. Plaintiffs Ricky Howell, Heather Howell and Wendy Lewis have sustained damages in the form of loss of money, loss of value of accrued benefits, and unpaid taxes as a result of Defendant City of Oxford, Alabama's breach of the employment contract.

## PRAYER FOR RELIEF

WHEREFORE**,** Plaintiffs demands judgment against the Defendant City of Oxford, Alabama for compensatory in an amount to be specifically determined by the trier of fact, plus interest and costs of this proceeding. Plaintiffs demand trial by struck jury.

## COUNT IX

## CONVERSION AS TO DEFENDANT CITY OF OXFORD, ALABAMA

70. Plaintiffs Ricky Howell, Heather Howell and Wendy Lewis incorporate by reference all of the preceding allegations One (1) through Sixty-Nine (69) of Plaintiff Ricky Howell, Heather Howell, and Wendy Lewis' Third Amended Complaint as if more fully set out herein.

71. Commencing on or around January 1, 2018, and up until Plaintiffs were terminated January 2, Defendants converted the employer withheld funds from Plaintiffs' paychecks and deprived Plaintiffs of their use, benefit, and value.

72. That Plaintiffs' claims for damages are not barred by immunity per Code of Alabama 11-47-90 which provides "*No city or town shall be liable for damages for injury done to or wrong*

*suffered by any person or corporation, **unless** (emphasis added) such injury or wrong was done or suffered through the neglect, carelessness, or unskillfulness of some agent, officer, or employee of the municipality engaged in work therefor and while acting in the line of his or her duty,…".*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against the Defendant City of Oxford, Alabama for an amount to be determined by the fact finder for actual and compensatory damages as a jury may assess plus, interest and costs of court, as well as any further relief allowable under Federal and Alabama law.

## COUNT X

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS TO DEFENDANTS CITY OF OXFORD, ALABAMA AND OXFORD EMERGENCY MEDICAL SERVICES, INC.

73. Plaintiffs Ricky Howell, Heather Howell and Wendy Lewis incorporate by reference all of the preceding allegations One (1) through Seventy-two (72) of Plaintiff Ricky Howell, Heather Howell, and Wendy Lewis' Third Amended Complaint as if more fully set out herein.

74. The actions of the Defendants City of Oxford, Alabama; Oxford Emergency Medical Services, Inc.; and Fictitious Defendants A-D were extreme and outrageous conduct and done intentionally or wantonly so as to cause the Plaintiffs Ricky Howell, Heather Howell and Wendy Lewis  shame, humiliation, and extreme and severe emotional distress such that no reasonable person could be expected to endure.

75.     The Plaintiffs Ricky Howell, Heather Howell and Wendy Lewis have suffered extreme and disabling emotional distress due to the outrage upon their sensitivities and emotions, including physical afflictions visited upon the Plaintiff and their family members.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Ricky Howell, Heather Howell, and Wendy Lewis demand judgment for an amount to be determined by the fact finder against Defendants City of Oxford, Alabama; Oxford Emergency Medical Services, Inc. jointly and severally for actual and compensatory damages, punitive damages as a jury may assess plus interest and costs of court, as well as any further relief allowable under Federal law and Alabama law.

Respectfully submitted this 16th day of April 2022;

>s./ *Lewis C. Godwin*
>Lewis C. Godwin (GOD-015)
>Attorney for the Plaintiffs
>Shabani & Associates, P.C.
>
>5500 Southlake Park, Suite 200
>Birmingham, AL 35244
>Telephone: (205) 823-1223  FAX 205-823-1967
>E-Mail: godwin.shabanilaw@gmail.com
>
>Certificate of Service

I certify that I have on the 16th day of April 2022 served a copy of the above and foregoing on the following parties counsel of record by using the Alacourt Alafile electronic filing system which will transmit copies via electronic mail to the following:

Arnold W. Umbach III
Alicia M. Harrison
STARNES DAVIS FLORIE LLP
100 Brookwood Place, Seventh Floor
Birmingham, AL 35209

Telephone: (205) 868-6000
tumbach@starneslaw.com
aharrison@starneslaw.com

C. David Stubbs
Attorney for Defendant City of Oxford
STUBBS, SILLS & FRYE, P.C.
1724 South Quintard Avenue
Post Office Box 2023
Anniston, Alabama 36202
Telephone (256) 835-5050
David-ssf@cableone.net

Harry P. Long
THE LAW OFFICES OF HARRY P. LONG
P.O. Box 1468
Anniston, AL 36202
hlonglegal8@gmail.com

                                                  s./ Lewis C. Godwin